The Memorandum Decision and Order below is hereby signed.  Dated: February 3, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELWOOD FIELDS, | ) | Case No. 06-00441 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

MEMORANDUM DECISION AND ORDER
REQUIRING LBR 9013-1 NOTICE OF MOTION TO CONFIRM
<u>TERMINATION OF AUTOMATIC STAY AND A NEW PROPOSED ORDER</u>

DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler") has filed a Motion to Confirm Termination of the Automatic Stay, contending that the automatic stay of 11 U.S.C. § 362(a) has terminated pursuant to 11 U.S.C. §§ 362(h) and 521(a)(6) with respect to an automobile.

I

Under § 362(h), the automatic stay is terminated with respect to personal property of the estate or debtor securing a claim in certain specified circumstances.  If, as occurred in this case, the debtor has timely filed a statement of intention under 11 U.S.C. § 521(a)(2) specifying the debtor's intention to reaffirm the debt on the original contract terms, the stay is not

terminated if "the creditor refuses to agree to the reaffirmation on such terms."  DaimlerChrysler's motion represents that it has not so refused, but the debtor should be allowed to contest that representation of fact.  It follows that DaimlerChrysler was required by Local Bankruptcy Rule ("LBR") 9013-1 to serve with its motion a notice of opportunity to oppose the motion to the extent that the motion is premised on § 362(h).

II

Assuming that DaimlerChrysler is correct that its alleged security interest was a purchase money security interest, § 521(a)(6) required the debtor, within 45 days after the first meeting of creditors under 11 U.S.C. § 341(a), to either enter into a reaffirmation agreement of the claim secured by the automobile or to redeem the automobile.  DaimlerChrysler's contention that its security interest was a purchase money security interest is an assertion of fact that the debtor and the chapter 7 trustee are entitled to challenge.  It follows that DaimlerChrysler was required by LBR 9013-1 to serve with its motion a notice of opportunity to oppose the motion to the extent that the motion is premised on § 521(a)(6).

III

The proposed order submitted with the motion decrees "that the automatic stay . . . be and hereby is terminated as to DaimlerChrysler."  The order should decree instead that it is

confirmed that the automatic stay has terminated with respect to DaimlerChrysler's enforcement of its security interest in the automobile, including any acts permitted by applicable nonbankruptcy law with respect to such enforcement of that security interest.  First, an order granting a motion such as DaimlerChrysler's does not terminate the stay as the motion is not one for relief from the automatic stay (which requires a filing fee) but instead confirms that the automatic stay has terminated.  Second, such an order ought not recognize any termination of the automatic stay beyond that provided by statute.  When applicable, §§ 362(h) and 521(a)(6) terminate the automatic stay with respect to enforcement of a security interest.  However, when read in context, it is apparent that §§ 362(h) and 521(a)(6) are not intended to permit the creditor to pursue the debtor personally for any deficiency claim that may arise after the creditor disposes of the collateral.

The order contains additional provisions that go beyond confirmation of the termination of the automatic stay (<u>e.g.</u>, directing to whom DaimlerChrysler should pay any excess proceeds of a sale, and decreeing that the order survives if the case is converted to a case under another chapter of the Bankruptcy Code).  Those provisions are unnecessary and inappropriate.  The debtor may not be entitled to the excess proceeds if his interest has been assigned (or is seized by a postpetition creditor).

Similarly, once the automatic stay terminates, no provision of the Bankruptcy Code provides that, unless the court orders otherwise, the automatic stay is brought back to life by conversion of the case to another chapter, so it is wholly unnecessary to include such language in the order.

## IV

In accordance with the foregoing, it is

ORDERED that DaimlerChrysler shall give notice under LBR 9013-1 of the opportunity to oppose its motion.  It is further

ORDERED that DaimlerChrysler shall provide a revised proposed order in accordance with the foregoing.

[Signed and dated above.]

Copies to: H. Tucker Dewey, Esq.; Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.